**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

MARY LYN DANIELAK,

       Petitioner,

v.                                                    Case No. 14-11131

MILLICENT WARREN,

       Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION
TO SUPPLEMENT HER HABEAS PETITION**

Petitioner Mary Lyn Danielak has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition challenges Petitioner's state convictions for delivery of a controlled substance causing death, Mich. Comp. Laws § 750.317a, common law obstruction of justice, Mich. Comp. Laws § 750.505, tampering with evidence, Mich. Comp. Laws § 750.483a(6)(a), and removing a dead body without permission, Mich. Comp. Laws § 52.204. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Danielak*, No. 305491, 2012 WL 6913789 (Mich. Ct. App. Nov. 20, 2012), and on May 22, 2013, the Michigan Supreme Court denied leave to appeal. *See People v. Danielak*, 830 N.W.2d 139 (Mich. 2013).

Petitioner filed her habeas corpus petition earlier this year. Her grounds for relief are: (1) there was insufficient evidence to support the convictions for obstruction of justice, tampering with evidence, and removing a dead body; (2) the creation of a strict liability crime that carries the same penalty as murder violates due process; (3) there was insufficient evidence to support the conviction for delivery of a controlled substance

causing death; and (4) the trial court violated Petitioner's right to a fair trial by excluding evidence about the victim's drug use.

Currently pending before the court is Petitioner's motion to supplement her habeas petition. Petitioner wishes to bring to the Court's attention the Supreme Court's decision in *Burrage v. United States*, 571 U.S. __, 134 S. Ct. 881 (2014). Burrage was sentenced to a mandatory minimum penalty of twenty years in prison under 21 U.S.C. § 841(b)(1)(C) because a drug user died following an extended binge that included use of heroin purchased from Burrage. The Supreme Court reversed Burrage's conviction and held that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage*, 134 S. Ct. at 892.

*Burrage* was decided after Danielak's conviction; accordingly, Danielak seeks to supplement her petition to request the court to apply the rule set forth in *Burrage* retroactively. "Two types of new rules are automatically retroactive on collateral review—substantive rules that place 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe' and new procedural rules that "are implicit in the concept of ordered liberty." *In re Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014) (quoting *Teague v. Lane*, 489 U.S. 288, 311 (1989)). On the other hand, new procedural rules are generally not applied retroactively on collateral review unless they are "'watershed rules of criminal procedure' which 'alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction.'" *Id.* (quoting *Teague*, 489 U.S. at 311) (emphasis omitted).

2

Neither the Supreme Court nor the Sixth Circuit has spoken to the retroactivity of *Burrage* on collateral review, and that case may have some relevance to Petitioner's claim about the sufficiency of the evidence supporting her conviction for delivery of a controlled substance causing death. Accordingly,

IT IS ORDERED that the motion to supplement the habeas petition (Dkt. #6) is GRANTED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: September 23, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 23, 2014, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522